**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-4964

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NATHAN DANIEL LARSON,

    Defendant - Appellant.

APR -8 2011

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (1:10-cr-00249-GBL-1)

Submitted: March 17, 2011      Decided: April 8, 2011

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Brooke Sealy Rupert, Research & Writing Attorney, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Jacquelyn Rivers, Special Assistant, James P. Gillis, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathan Daniel Larson appeals the judgment and amended judgment revoking supervised release. He contends that (1) the twenty-four month sentence was procedurally unreasonable; (2) the district court failed to ascertain whether he wanted to allocute prior to imposition of sentence; (3) the district court erred by imposing as a condition of supervised release that he remain medication compliant; and (4) the district court was not authorized to enter the amended judgment. We affirm the court's judgment in all respects except for the length of supervised release, vacate that portion of the judgment stating the duration of supervised release, vacate the court's amended judgment and remand the case to the district court for the limited purpose of entry of final judgment reflecting the correct duration of supervised release.

This court will affirm a sentence imposed after revocation of supervised release if it is within the applicable statutory maximum and is not "plainly unreasonable." United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). In determining whether a revocation sentence is "plainly unreasonable," the court first assesses the sentence for unreasonableness, "follow[ing] generally the procedural and substantive considerations that [it] employ[s] in [its] review of original sentences." Id. at 438. A revocation sentence is

2

procedurally reasonable if the district court considered the Guidelines' Chapter 7 advisory policy statements and the 18 U.S.C. § 3553(a) factors that it is permitted to consider in a supervised release revocation case. Id. at 440. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding the defendant should receive the sentence imposed, up to the statutory maximum. Id. Only if a sentence is found procedurally or substantively unreasonable will this court "then decide whether the sentence is *plainly* unreasonable." Id. at 439. A sentence is "plainly" unreasonable if it is clearly or obviously unreasonable. Id.

Because it is clear that the district court intended to sentence Larson to the maximum allowed by law, any procedural error regarding the advisory Guidelines range of imprisonment was harmless.

Larson's claim that the district court failed to ascertain whether he waived his right to allocute is reviewed for plain error. Plain error review requires: (1) that there be an error, (2) that is plain, and (3) that affected the Defendant's substantial rights. United States v. Lewis, 10 F.3d 1086, 1092 (4th Cir. 1993). Larson bears the burden of showing his substantial rights were violated. Id. Even if there is plain error, this court will correct the error only if it seriously affects the fairness, integrity or public reputation

3

of the proceedings. <u>United States v. Olano</u>, 507 U.S. 725 (1993). Given the clear intent of the district court to sentence Larson to the statutory maximum, we will not notice the error.

We further conclude that the district court did not err when it continued as a condition of supervised release that Larson remain medication compliant without providing a rationale for the condition. Given that the original sentencing court supported this condition with factfinding and the condition was affirmed on appeal, it was not necessary for the court in this instance to engage in further factfinding prior to continuing as a condition of supervised release that Larson remain medication compliant.

We conclude that the district court erred by entering an amended judgment based on Larson's Fed. R. Crim. P. 35(a) motion more than fourteen days after sentencing. Although the amended judgment corrected the term of supervised release to one year, the court was without jurisdiction to do so. <u>See</u> <u>United States v. Shank</u>, 395 F.3d 466, 469 (4th Cir. 2005) (sentencing court lacks jurisdiction to correct a sentence outside the period specified in Rule 35). For that reason, we vacate the amended judgment.

We affirm the judgment in all respects except for the length of supervised release. We vacate that portion of the

judgment stating the length of supervised release, and remand the case to the district court for the limited purpose of entry of final judgment reflecting that the supervised release be one year. We also vacate the amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>
