# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
### Alexandria Division



UNITED STATES OF AMERICA

v.          Case Number:   1:10cr00249-001

NATHAN DANIEL LARSON,

Defendant.

## JUDGMENT AND COMMITMENT ORDER
## ON REVOCATION OF SUPERVISED RELEASE
### (For Offense(s) Committed On or After November 1, 1987)

The defendant, NATHAN DANIEL LARSON was represented by counsel Brooke Rupert, Esquire on December 7, 2012 in connection with a petition for revocation of supervised release, and admitted the violation in open court, with clarification by counsel.

It appearing that the defendant, who was sentenced on October 2 and October 9, 2009 in the United States District Court for the District of Colorado in Case No. 08-cr-00523-PAB to SIXTEEN (16) MONTHS OF IMPRISONMENT to be followed by THREE (3) YEARS of supervised release, with jurisdiction subsequently transferred here to the Eastern District of Virginia effective June 18, 2010, had his supervised release revoked on August 20, 2010 and was committed to the Bureau of Prisons for TWENTY-FOUR (24) MONTHS to be followed by THREE (3) YEARS of supervised release on his admission of having violated his conditions of supervised release as alleged in a petition for revocation of supervised release, and which supervised release term was subsequently REDUCED on September 8, 2010 by this Court, has again violated the terms of his conditions of supervised release and

It is hereby ORDERED that the Court finds that defendant has violated his terms of supervised release, and Defendant's supervised release is REVOKED.

Defendant is hereby COMMITTED to the custody of the Bureau of Prisons to serve a term of TEN (10) MONTHS of imprisonment to be followed by a term of ONE (1) YEAR of supervised release with GPS MONITORING at the direction of the Probation Officer, subject to all of the terms and conditions of his original Judgment in Colorado and his original Judgment on revocation from this Court, including mental health treatment and waiver of confidentiality of mental health treatment, and the following additional special conditions of supervised release:

1.) Defendant must participate in sex offender treatment, as directed by the Probation Officer;

2.) Defendant must submit to poloygraph testing, as directed by the Probation Officer;

3.) Defendant must not use any computer without the advance approval of the Probation Officer;

4.) Any computer that defendant uses with the advance approval of the Probation Officer must have the

Probation Office's Computer Monitoring Program software installed in order for the Probation Office to monitor Defendant's computer use and keystrokes, with a Notice to the Public placed on said computer so that others will be aware that the computer is being monitored by the Probation Office;

5.) Defendant must not have any contact with children, without the supervision of a competent adult, and approved in advance by the Probation Officer;

6.) Defendant must not have access to any pornographic material;

7.) Defendant must not work or volunteer for any position that involves children or working with children.

It is the recommendation of this Court that defendant be designated to serve his sentence at the medical facility at FMC Butner, North Carolina.

Signed this _____ day of December 2012.

/s/
Gerald Bruce Lee
United States District Judge