21 April 2015

Nathan Larson
9270 Prospect Avenue
Catlett, VA 20119
(540) 391-1530
nathanlarson3141@gmail.com

```
RECEIVED
MAILROOM

APR 2 3 2015

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

U.S. District Judge Gerald Bruce Lee
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

**RE: Enforcement of 1:10-cr00249-GBL document 67**

Dear Judge Lee:

On 26 January 2015, you signed an order, 1:10-cr00249-GBL, document 67, requiring that Susan Frank, a licensed psychologist, provide me with copies of the psychological reports that she prepared concerning me. On 5 April 2015, I emailed her a copy of that order, and she responded, "The Order that you attached is not signed. Please provide me a copy of the original signed order."

That same day, I informed her that the "/s/" on the order that I gave her was your electronic signature, and that the policies and procedures of the Eastern District of Virginia make such signatures effective immediately. I did not receive a reply to this email.

I do not know how to reach her by mail, since she apparently no longer works at her prior place of employment, Counseling and Forensic Services. Is there any possibility that the court can have the order served on her? Thank you.

Sincerely,

Nathan Larson

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | Case No. 1:10-cr-249-GBL |
| NATHAN LARSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER**

THIS MATTER is before the Court on Defendant's Motion to Obtain a Copy of Psychological Reports and Raw Test Data (Doc. 66). The Court GRANTS Defendant's motion because Section 32.1-127.1:03(A)(1) of the Code of Virginia is more stringent than 45 C.F.R. § 164.524(a)(1)(ii), resulting in a disclosure of Defendant's records.

On September 8, 2010, the Court entered a judgment and commitment order requiring the Defendant to participate in a mental health program. *See* (Doc. 23.) Defendant was assigned to Dr. Susan Frank, who in 2012 prepared two psychological reports concerning the Defendant. Between October 2013 and February 2014 Defendant's attorney allegedly sent three letters and two emails to Dr. Frank requesting copies of any reports. (Doc. 66 at 2.) On February 28, 2014, Dr. Frank replied by email, stating that she cannot provide the evaluations, absent a court order, subject to 45 C.F.R. § 164.512. (Doc. 66 at 2.)

Defendant now moves this Court to order Dr. Susan Frank, Clinical Psychologist (License No. 0810004390; Counseling and Forensic Services, Inc.), and Dr. Ryan S. Shugarman, Psychiatrist (License No. 0101245080; Ryan S. Shugarman, M.D., PLLC), to provide Defendant a copy of the psychological evaluations and raw test data that were prepared concerning

1

Defendant. Defendant argues that he is entitled to the evaluations under 45 C.F.R. § 164.524(a)(1) and Virginia Code § 32.1-127.1:03(A)(1), and that 45 C.F.R. § 164.512(e) does not preclude disclosure of the evaluations to Defendant.

State laws regarding the privacy of medical records are at times preempted by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat. 1936. HIPAA and its implementing regulations preempt state law unless a state law is "more stringent" than HIPAA. *See S.C. Med. Ass'n v. Thompson*, 327 F.3d 346, 354–55 (4th Cir. 2003) (citing HIPAA § 264(c)(2)); *Law v. Zuckerman*, 307 F. Supp. 2d 705, 708–710 (D. Md. 2004) ("[T]he Court views 'more stringent' to mean laws that afford patients *more* control over their medical records." (emphasis in original)). A state law is more stringent than HIPAA if, among other things, "the state law provides an individual with 'greater rights of access or amendment' to his medical information than provided under HIPAA." *Id.* at 355 (citing 45 C.F.R. § 160.202).

45 C.F.R. § 164.512(a)(1)(ii) provides, in pertinent part, that:

> an individual has a right of access to inspect and obtain a copy of protected health information about the individual in a designated record set, for as long as the protected health information is maintained in the designated record set, *except for [i]nformation compiled in reasonable anticipation of, or for use in, a civil, criminal, or administrative action or proceeding.*

45 C.F.R. § 164.512(a)(1)(ii) (emphasis added). Section 32.1-127.1:03(A)(1) of the Code of Virginia provides that "[h]ealth care entities shall disclose health records to the individual who is the subject of the health record, except as provided in subsections E and F and subsection B of § 8.01-413."

Here it is indisputable that Defendant's "protected health information" was "compiled . . . for use in a civil, criminal, or administrative action or proceeding," *see* (Doc. 23), and thus meets

2

the HIPAA exception regarding access to protected health information. *See* 45 C.F.R. § 164.512(a)(1)(ii). Thus, under § 164.512(a)(1)(ii) Defendant would not be entitled to receive his medical information; however, Section 32.1-127.1:03(A)(1) of the Code of Virginia gives a defendant access to their health records subject to exceptions inapplicable here. Accordingly, under Virginia law Defendant is entitled to disclosure of the records. The Court holds that the Virginia law is "more stringent" than the HIPAA regulation because it provides Defendant with "greater rights of access" to his medical information than provided under HIPAA. *See* 45 C.F.R. § 160.202. Because the Virginia law governs Defendant's medical records, Defendant is entitled to his medical records and his motion must be GRANTED.

Accordingly, it is hereby

**ORDERED** that the Defendant's Motion to Obtain a Copy of Psychological Reports and Raw Test Data (Doc. 66) is **GRANTED**; and it is further

**ORDERED** that Dr. Susan Frank and Dr. Ryan S. Shugarman provide Defendant with a copy of the psychological reports and raw test data that were prepared concerning Defendant as may be produced under applicable Virginia and federal law.

**IT IS SO ORDERED.**

ENTERED this 26th day of January, 2015.

Alexandria, Virginia
1/26/2015

/s/
Gerald Bruce Lee
United States District Judge

3



Nathan Larson <nathanlarson3141@gmail.com>

## Psychological evaluations

**Nathan Larson** <nathanlarson3141@gmail.com>  Sun, Apr 5, 2015 at 4:40 PM
To: "psych2001@aol.com" <psych2001@aol.com>, stephanie hardenburg <scre8tor@aol.com>

> That's an electronically signed order that I downloaded from pacer.gov. The "/s/" means "signature". The policies and procedures for the Eastern District of Virginia say:
>
>> A judge signs a document by either (a) writing his or her signature in the traditional manner or (b) affixing or causing to be affixed the mark "/s/" above or beside the judge's name on the document. A judge can sign any document in either manner, and the judge's signature is effective immediately upon so doing for purposes of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, the Local Rules of this Court, and any other purpose for which a signature is required in connection with proceedings before this Court. Then, when the judge has caused a signed document to be converted into an electronic file in PDF format and docketed by the Clerk, the representation of the judge's handwritten or printed signature in the court's database becomes the judge's signature for that document for all purposes thereafter. When a judge rules on a motion electronically, or approves an electronic record reflecting one or more dispositions or other actions on a petty offense docket managed through the Central Violations Bureau, that judge's user login and password for the ECF system constitute the judge's signature for all purposes related to the motion, dispositions, or other actions.
>
> http://www.vaed.uscourts.gov/ecf/E-FilingPoliciesandProcedures-new.htm
>
> On Sun, Apr 5, 2015 at 2:46 PM, psych2001@aol.com <psych2001@aol.com> wrote:
>> Nathan:
>>
>> The Order that you attached is not signed. Please provide me a copy of the original signed order.
>>
>> Thank you.
>>
>> Susan
>>
>> Sent on the new Sprint Network
>>
>> ----- Reply message -----
>> From: "Nathan Larson" <nathanlarson3141@gmail.com>
>> To: "Susan Frank" <psych2001@aol.com>
>> Cc: "stephanie hardenburg" <Scre8tor@aol.com>
>> Subject: Psychological evaluations
>> Date: Sun, Apr 5, 2015 2:10 AM
>>
>> Susan Frank, Stephanie Hardenburg:
>>
>> I just noticed today that Judge Lee ordered, on 26 January 2015, that I be provided a copy of the psychological reports and raw test data from my file. (See attached order.) Please send those records to:
>>
>>> Nathan Larson
>>> 9270 Prospect Avenue
>>> Catlett, VA 20119
>>
>> Thanks.
>>
>> -Nathan
>>
>> On Fri, Feb 28, 2014 at 9:02 AM, Susan Frank <psych2001@aol.com> wrote:

Good morning:

Although the below articles argue that HIPPA should apply to court and administrative proceedings, the law has not changed. Code 45 CFR 164.512(E) states that HIPPA does not apply to these entities. Since both evaluations were ordered by the court and our client was the court, we are not allowed to provide you with a copy of the evaluations. If you want copies, then either you or your lawyer must go back to the court that ordered the evaluations and request copies via a petition. It will then be up to the court whether or not they are provided to you.

Any further correspondence regarding this issue should be directed towards the court that ordered the evaluations.

Thank you.

Susan Frank, PhD, CSOTP
Licensed Clinical Psychologist
Counseling & Forensic Services, Inc.
703-582-2406

The information contained in this email message is confidential, may be privileged, and is intended only for the use of the individual or entity named above. If you, the reader of the message, are not the intended recipient, or the agency or individual responsible for delivering this message to the intended recipient, you are expressly prohibited from copying, disseminating or in any other way using any the information contained in this message.

-----Original Message-----
From: Nathan Larson <nathanlarson3141@gmail.com>
To: Susan Frank <psych2001@aol.com>
Sent: Wed, Feb 26, 2014 1:15 am
Subject: Re: Psychological evaluations

There's HIPAA, and then there's the Code of Virginia; both have statutes concerning release of documents. APA published an article on this topic awhile back, *What takes precedence: HIPAA or state law?* According to this article, "The simple rule of thumb is that any provision--in state laws or HIPAA--that gives greater protection to patients' privacy or right to access their own health information takes precedence." Similar sentiments were expressed by these authors:

Borkosky, Bruce G. and Pellett, Jon M. (2013). "Can FMHPs refuse to release records to evaluees because the records are "information compiled in reasonable anticipation of" litigation (as defined by HIPAA)?". *American Journal of Forensic Psychology* 31 (3).
Borkosky, Bruce G., Pellett; Jon M.; Thomas, Mark S. (June 2013). "Are Forensic Evaluations "Health Care" and Are They Regulated by HIPAA?". *Psychological Injury and Law* 6 (4).
Borkosky, Bruce G. (2012). "Why Forensic Records are no Longer 'Owned' by the Referral Source: Requirements for Mental Health Practitioners to Permit Patient Access and Release of Forensic Records". *Florida Psychologist* 63 (1): 8–9, 22–23.

The evaluations were conducted pursuant to a court order that said, "The defendant shall participate in, pay partial costs of, and provide a written waiver of confidentiality to allow the Probation Officer to communicate with treating mental health providers, a program of mental health treatment approved by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer." The focus on treatment might add even more support for the argument that the evaluations were a form of health care that would be covered by HIPAA; but even if HIPAA didn't grant access rights, there would be state law to take into consideration.

Borosky et al pretty much demolish all the arguments for why forensic psychologists wouldn't be required to give patients access to evaluations, including the argument that a patient could waive those access rights by signing a document. Anyway, I look forward to hearing from you Thursday or Friday.

On Tue, Feb 25, 2014 at 8:23 PM, Susan Frank <psych2001@aol.com> wrote:
> Nat:
>
> That was a miscommunication between Melissa and Dr. Hardenburg that as been corrected.
>
> The legality of releasing the records directly to you is being explored at the present time. This exploration is based on the fact that both evaluations are considered to be forensic assessments and our client in this case was the courts not you. This was explained to you the prior to the evaluations beginning and I have copy of the Evaluation Agreement that you signed stating that you understood that you were not entitled to a copy of the evaluations.
>
> At the present time, I am waiting to hear back from a representative from both the American Psychological Association and HIPPA in order to clearly determine what role HIPPA plays in forensic assessments. Both have informed me that I will hear back from them no later than Thursday afternoon. I have already talked to a representative at the VA Board of Psychology regarding this issue. I will also contact Brent, since he is the representative of the court that I was dealing with and is the client in the case.
>
> I will send an email and letter out either late Thursday afternoon or Friday morning letting you know whether or not we are required to release the evaluations directly to you.
>
> Thank you.
>
> Susan Frank, PhD, CSOTP
> Licensed Clinical Psychologist
> Counseling & Forensic Services, Inc.
> 703-582-2406
>
> The information contained in this email message is confidential, may be privileged, and is intended only for the use of the individual or entity named above. If you, the reader of the message, are not the intended recipient, or the agency or individual responsible for delivering this message to the intended recipient, you are expressly prohibited from copying, disseminating or in any other way using any the information contained in this message.
>
> -----Original Message-----
> From: Nathan Larson <nathanlarson3141@gmail.com>
> To: stephanie hardenburg <scre8tor@aol.com>
> Cc: Susan Frank <psych2001@aol.com>
> Sent: Tue, Feb 25, 2014 5:26 pm
> Subject: Re: Re: Psychological evaluations
>
> That's news to me. It's also not what I asked for.
>
> On Mon, Feb 24, 2014 at 8:44 PM, <scre8tor@aol.com> wrote:
>> I was told she is meeting with you fri
>>
>>
>> scre8tor@aol.com
>>
>>
>>
>> -----Original Message-----
>> From: nathanlarson3141@gmail.com
>> To: Susan Frank
>> Cc: scre8tor
>> Sent: Mon, Feb 24, 2014 11:22 am
>> Subject: Re: Psychological evaluations
>>
>> Dr. Frank,
>> What's the status on this request? U.S. Postal Service records reflect that my certified letter to you

requesting this information was sent on 8 November 2013. The timeframe mandated by Code of Virginia § 32.1-127.1:03 for responding to these requests is "Within 15 days of receipt of a request for copies of or electronic access to health records". Thanks.

On Thu, Feb 20, 2014 at 2:47 PM, Nathan Larson <nathanlarson3141@gmail.com> wrote:
> Dr. Frank,
> I was told that you would be back in Virginia in the second week of February, and to contact you at that time.
>
> I have no interest in sitting with you to go over the evaluations that you filed concerning me. However, I do want to exercise my rights under Virginia and/or federal law to have a copy of those two evaluations sent to me. If you believe that I am not entitled under the law to have a copy, then I would appreciate it if you would explain your reasoning. I will accept either a paper or electronic copy; whichever is easier for you. Thank you,
>
> Nathan Larson
> 9270 Prospect Avenue
> Catlett, VA 20119
> nathanlarson3141@gmail.com

--
Nathan Larson

--
Nathan Larson

--
Nathan Larson

--
Nathan

--
Nathan